# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> TUTTLE ASPHALT AND PAVING, INC., <br><br> Defendant. | No. C 05-3028-MWB <br><br> **MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

_____

This is an action by the United States of America, on behalf of the United States Environmental Protection Agency (EPA), to collect an unpaid fine from defendant Tuttle Asphalt and Paving, Inc. (Tuttle), for violation of the Solid Waste Disposal Act following Tuttle's default on the payment plan for the fine under a consent agreement. This matter comes before the court pursuant to the plaintiff's November 30, 2005, Motion For Summary Judgment (docket no. 6). In that motion, the plaintiff seeks summary judgment on its claim for payment of the civil penalty under the consent agreement in the amount of $10,616, plus pre- and post-judgment interest. Tuttle's response to the plaintiff's motion was due on or before December 27, 2005. *See* N.D. IA. L.R. 56.1(b) (a resisting party has twenty-one days to resist a motion for summary judgment). Although Tuttle answered the complaint and is represented by counsel, Tuttle filed no timely response to the plaintiff's motion for summary judgment and no request for an extension of time to do so.

Rule 56 of the Federal Rules of Civil Procedure provides that a prosecuting or defending party may move, at any time, for summary judgment in that party's favor "as to all or any part" of the claims at issue. FED. R. CIV. P. 56(a) (summary judgment for

claimant) & (b) (summary judgment for defending party). Under Rule 56(c), the moving party bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show lack of a genuine issue." *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see also Rose-Maston v. NME Hosps., Inc.*, 133 F.3d 1104, 1107 (8th Cir. 1998); *Reed v. Woodruff County, Ark.*, 7 F.3d 808, 810 (8th Cir. 1993). When a moving party has carried its burden under Rule 56(c), the party opposing summary judgment is required under Rule 56(e) to go beyond the pleadings, and by affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 324; *Rabushka ex. rel. United States v. Crane Co.*, 122 F.3d 559, 562 (8th Cir. 1997), *cert. denied*, 523 U.S. 1040 (1998); *McLaughlin v. Esselte Pendaflex Corp.*, 50 F.3d 507, 511 (8th Cir. 1995); *Beyerbach v. Sears*, 49 F.3d 1324, 1325 (8th Cir. 1995). In the absence of such a showing by the resisting party, the moving party is "entitled to judgment as a matter of law." *Celotex Corp.*, 477 U.S. at 323; *In re Temporomandibular Joint (TMJ) Implants Prod. Liab. Litig.*, 113 F.3d 1484, 1492 (8th Cir. 1997). Moreover, pursuant the applicable local rule, "[i]f no timely resistance to a motion for summary judgment is filed, the motion may be granted without prior notice from the court." N.D. IA. L.R. 56.1(c).

The court finds that the United States has met its burden to inform the court of the basis for its motion and to point to portions of the record that show that there is no genuine issue of material fact that the fine is due and owing and that Tuttle has defaulted on his obligations under the consent agreement by failing to make any payments on the fine. *See Hartnagel*, 953 F.2d at 395 (stating the moving party's burden). In contrast, Tuttle has not met his burden to designate "specific facts showing that there is a genuine issue for

trial." FED. R. CIV. P. 56(e); *Celotex*, 477 U.S. at 324. Indeed, because Tuttle has failed to file any resistance to the plaintiff's motion for summary judgment, "the motion may be granted without prior notice from the court." N.D. IA. L.R. 56.1(c). Upon the present record, the United States is entitled to summary judgment.

THEREFORE, the plaintiff's November 30, 2005, Motion For Summary Judgment (docket no. 6) is **granted**. Judgment shall enter in favor of the plaintiff and against the defendant in the amount of $10,616.00, plus interest at the rate of 6% per annum from July 30, 2001, to the date of entry of this summary judgment, plus interest at the legal rate pursuant to 28 U.S.C. § 1961(b) from the date of entry of this summary judgment.

**IT IS SO ORDERED.**

**DATED** this 1st day of February, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA